We'll hear the next case, the last case to be argued, 1199 SEIU v. Alaris. Good morning, your honors. You're here to answer questions if we have any. I am, your judge. Do we have any questions? Thank you. We'll hear from your colleague. Good afternoon, your honors. May it please the court, Katherine Hanson for the appellee, 1199 SEIU United Healthcare Workers East. This is a straightforward action to enforce an arbitration award. The underlying facts at issue are as follows. For many years, the union represented employees at a long-term care facility in Jersey City, New Jersey, that until its sale in 2013 was known as Hamilton Park Healthcare Center. The facility provides long-term care, both skilled nursing and assisted living services. The assisted living services are provided at the atrium, one part of the facility. I think we're familiar with the facts. Okay. Thank you, your honor. The appellant's arguments in this case rest on misrepresentations of the facts and the law. Most of their arguments rest on the argument that the atrium is not a signatory to the agreement and was bound by the award. Therefore, the arbitrator exceeded his authority under the award, and the award does not draw its essence from the collective bargaining agreement and violates public policy. That argument fails on all levels. As the arbitrator understood, as the district court understood, the only parties bound by the arbitration award are Eleris Health at Hamilton Park and Confidence Management Systems, the appellant's respondents in this case. The atrium has no obligations under the award, and the union is not seeking, has not sought and is not seeking to enforce the award against it. All the arbitrator did in this case was interpret the party's collective bargaining agreement and who was covered under that agreement. There is no dispute in this case that prior to the sale in 2013, the employees who performed the dietary maintenance and housekeeping work at the atrium were covered by the party's collective bargaining agreement. After the 2013 sale, despite appellants having assumed the collective bargaining agreement in full, they simply stopped applying the collective bargaining agreement to employees who performed that work at the atrium. All the arbitrator did in this case was hold appellants to the collective bargaining agreement they assumed and require them to apply its terms to all of the employees covered thereunder. The collective bargaining agreement in this case has a broad arbitration clause. It gives the arbitrator all authority to determine his jurisdiction and all questions of arbitrability. As this court knows, the standard of review on an arbitration award is extremely narrow. The role of the court is to ensure that the- This is a little unusual, isn't it? I mean, the employees that are working in the assisted living unit that are covered by the union, they're particularly the dietary employees, right? Dietary, housekeeping and maintenance. It's three departments. Right, so they're not like nurses assistants or nurses, perhaps? Exactly, Your Honor. Their paychecks come from whom? Prior to the sale, the paychecks came from Hamilton Park Health Care Center. Hamilton Park Care, notwithstanding whether the atrium was mentioned or not mentioned, paid the union benefits and everything for the folks working in the assisted living section, right? Hamilton Park Health Care Center did, yes. After that, were there two different corporate entities owning, one owning the skilled nursing facility and one owning the assisted living section? Both before and after the sale, the atrium and Hamilton Park were separately incorporated, but they always shared a common owner, common management, common supervision. And even under the prior owner, when they were separately incorporated, the checks at the time of the sale came from Hamilton Park Health Care Center. That arrangement continued after the sale with respect to two separate incorporated entities, but one employer for the purposes of the employees at issue here. That's the nub of it from your view of it. There's one employer, right? That was the arbitrator's finding, correct. There's one employer. I don't want to get too deep into the weeds on what happened at the arbitration, but did the employees move across between the dietary employees? Can they move between units? Absolutely. And that's in the record. The arbitrator took a lot of factual evidence on that. One seniority list? Well, you know, yes. Previously, before the new owner took them out of the bargaining unit, absolutely, yes. How long will this go on? In other words, how long is Hamilton Park bound to include the atrium employees? Well, if the ‑‑ Until the collective bargaining agreement expires or is renegotiated, I would assume, or what? Well, Hamilton Park is bound by the collective bargaining agreement.  We have a ruling now that Hamilton Park is responsible for these other employees. And my question is, for how long will Hamilton Park be held to that? Forever? Your Honor, the arbitrator's ruling is that Hamilton Park is responsible for its own employees. And to be clear, there's confidence management systems, which is a separate respondent. They directly employ the housekeeping employees. What about the atrium employees? The atrium employees at Hamilton Park directly employs the employees who perform the dietary maintenance and housekeeping work at the atrium. That's the finding of the arbitrator. That was based on his evaluation of the facts of this case. The appellants are attempting to relitigate the case that was before the arbitrator. The appellants have said ‑‑ My question is, maybe I'm misunderstanding something, but how long will this go on? Can the new employer ever get out of this situation? The parties are currently negotiating a new collective bargaining agreement. In order to ‑‑ Until there's a new collective bargaining agreement. Well, I'm ‑‑ Depending on how it's negotiated. Yes, sure. If the parties agreed to negotiate a different agreement, yes, they could do that. One of the things they point to about why this was, they believe, implicitly blinding them is this threat of contempt that occurred by the district court with respect to when they asked for clarification of the award. Do you want to respond to that? Your Honor, the appellant's argument appears to be that through the district court proceedings, the district court clarified that, in fact, it was the atrium's interests that are at stake here. And there is absolutely no way to read the district court's proceedings to hold that. The parts of the record they cite to are blatant misrepresentations of the record. What the district court said was, and it is true, appellants went to the district court and said, hold on a second, we're confused. Are you talking about appellant's responsibilities or are you talking about intervener appellant's responsibilities? And what the district court said was, we're talking about respondents. Alera's Health at Hamilton Park and Confidence Management Systems, for example, on the issue of document production, which they were held in contempt over. The district court said, you, Alera's Health at Hamilton Park, and Confidence Management Systems must turn over all records in your possession and custody and control. If you don't have custody and control of those records and you say it's the atrium, okay. Then you only have to turn over the records that you have in your possession, custody, and control. The appellants were very careful not to make representations to the court that they didn't have possession, custody, and control of those records, because, in fact, they do. And they turned them over because these are their employees. They turned over the payroll records. They turned over the benefit information of their own employees. And that is all the district court required them to do. And I would argue that the district court went out of its way to make that point very clear. And there's nowhere in the record that appellants have pointed to or could point to to suggest that it was, in fact, the rights of the atrium that the district court was determining or imposing any obligations on. The contempt finding was against respondents exclusively in their capacity as the employer of these employees. And I do want to say that the arguments that appellants are making are factual arguments. Who employs these employees? And the arbitrator, after many, many hearings, witness testimony, documents decided that, in fact, appellants are the employer of the employees at issue. They are bound by the collective bargaining agreement. Again, there is no dispute that before the sale, the collective bargaining agreement applied to these employees. The question was whether the appellants had a right to simply stop applying it to these employees after the sale. And what the arbitrator said was, no, you don't. I'm interpreting the agreement. This is what it was before. You assumed it. You're obligated under it in the same way that the predecessor was. Any other questions? Thank you. Thank you. We'll reserve decision. The remaining cases are on submission. Accordingly, I'll ask the clerk to adjourn. Thank you very much. Court is adjourned. Thank you.